DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Hy-Ko Products Company | ) | |
| | ) | CASE NO. 5:10 CV 992 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| Hillman Group, Inc., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

I. Introduction

On August 13, 2008, the plaintiff, Hy-Ko Products Company, initiated a patent infringement case against several defendants including the defendant Hillman Group. The essence of the patent case is the request by the plaintiff Hy-Ko for declaratory judgment of non-infringement, invalidity and unenforceability regarding patent Nos. 7,114,894 and 6,064,747 against the defendant Hillman Group. The defendant Hillman Group seeks money damages for patent infringement by way of a counterclaim. The case has been contentious. The Court ultimately appointed a special master to handle discovery disputes.

On September 28, 2010, the Court conducted the claims construction hearing as required by the Markman decision. The Court has the claims construction issue under advisement.

In the meantime, the plaintiff Hy-Ko Products Company filed on May 4, 2010 a complaint sounding in antitrust against the defendants Hillman Group and Kaba Ilco Corporation.

By luck of the draw, the antitrust case was also assigned to the undersigned Judge.

(5:10 CV 992)

## II. The Status of the Anti-Trust Litigation

Consistent with the extensive pleadings in the patent case, the defendants in the anti-trust case have filed motions to dismiss anchored in the teachings of the Supreme Court in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*[1]

## III. A Description of the Motion to Dismiss filed by the Defendant Hillman Group

In support of its motion to dismiss, the defendant Hillman Group contends as follows:

1. The plaintiff Hy-Ko has failed to plead either the standing or substantive elements of an anti-trust claim.

2. Hy-Ko's allegation of patent abuse failed to plead the necessary elements of an anti-trust violation.

3. Hy-Ko's claims of exclusionary practices with retailers disclose only lawful competitive conduct.

4. Hy-Ko's allegations of collusion between Hillman and Hy-Ko failed to show legally cogitable injury to Hy-Ko.

5. Count VI alleging combinations and conspiracies by Ilco and Hillman under the Sherman Act § 1 fails because Hy-Ko does not allege facts plausibly showing anti-trust injury.

6. Hy-Ko's allegations about letters, numbers, and signs ("LNS") should be dismissed because Hy-Ko does not even allege a relevant market for LNS and fails to allege anti-

---

[1] *See* motion to dismiss Counts III-VI of plaintiff's complaint filed by Kaba Ilco, Doc. 25; the motion to dismiss Counts I, II, V, VI and VII filed by the defendant Hillman Group Doc. 26; the memorandums in opposition to the two motions to dismiss filed by the plaintiff, Docs. 35 and Doc. 36; the reply in support of the motion to dismiss Kaba Ilco, Doc. 37; and the reply memorandum in support of the motion to dismiss filed by the defendant Hillman Group, Doc. 38.

(5:10 CV 992)

competitive conduct relating to LNS.

      7.      Hy-Ko's remaining assertions are not legally cognizable.

      8.      Count VII, alleging violation of Ohio's Valentine Act, fails because Hy-Ko does not allege facts plausibly showing an anti-trust violation and antitrust injury.

### IV.  A Description of the Motion to Dismiss filed by the Defendant Kaba Ilco

The motion of the defendant Kaba Ilco to dismiss mirrors the position of the Hillman Group and argues that there is:

   1)     an absence of anti-trust injury;

   2)     Hy-Ko has not properly alleged injury to competition or anti-trust injury;

   3)     Hy-Ko has not properly alleged relevant market or a valid conspiracy claim and in      support of that argument contends:

         a)     The "supply of replacement key blanks" is impermissibly vague;

         b)     Hy-Ko has not properly alleged power in a distribution market;

         c)     Hy-Ko is not properly a geographic market corresponding to a manufacturing market;

         d)     Hy-Ko's conspiracy to monopolize and restrain trade claims suffer from several fatal flaws.

### V.  The Response of the Plaintiff to the Motions to Dismiss

Initially, counsel for Hy-Ko, with respect to the motion to dismiss filed by the defendant Hillman, summarizes its position as follows:

3

(5:10 CV 992)

>This case is about abuse of monopoly power to exclude a new market entrant and eliminate the threat posed by its technologically superior product.  Through any array of exclusionary practices, Hillman has blocked attempts by its only meaningful competitor, Hy-Ko, to gain a foothold in the market for automatic key machine systems used in Big Box retail stores.  Hillman has implemented this exclusionary strategy across a wide range of accounts for which it faces competition from Hy-Ko and has adapted the strategy as needed for specific circumstances.  It has succeeded in blocking any further expansion of Hy-Ko in Wal-Mart stores, in excluding it altogether from Orchard Supply Hardware ("Orchard Supply") and in choking off revenue from the sale of letters, numbers and signs ("LNS") essential to Hy-Ko's achievement of efficiencies and economics of scale for effective competition. (Counts I, II.)  In combination with its key blank supplier, Kaba Ilco Corp ("Ilco"), Hillman has engaged in other exclusionary conduct to block Hy-Ko's access to the replacement key market. (Counts V, VI, VII.)
>
>Hillman's repeated refrain that it is engaged in nothing more than vigorous competition for the benefit of consumers is refuted by the fact that its conduct has no efficiency or other non-predatory justification and is in furtherance of preservation of its monopoly. (Complaint ¶¶ 87, 92-97, 105, 110.)  Section 2 of the Sherman Act does not bar a monopolist from competing, but it is violated "if a monopolist abuses its monopoly power and acts in an unreasonably exclusionary manner vis-a-vis rivals or potential rivals."  *Byars v. Bluff City News Co.*, 609 F.2d 843, 853 (6th Cir. 1980).  If a monopolist is seeking to compete "on some basis other than efficiency," its conduct can be viewed as predatory or exclusionary.  *Conwood Co. v. United States Tobacco Co.*, 290 F.3d 768, 783 (6th Cir. 2002) (quoting *Aspen Skiing Co. v. Aspen Highlands Skiing Corp.*, 472 U.S. 585, 605 (1985)).
>
>If the Complaint details a frontal assault on product innovation, consumer choice and product output, and Hillman's pursuit of its own interests in preserving its monopoly is no justification.  *See, e.g., LePage's Inc. v. 3M*, 324 F.3d 141, 164 (3d Cir. 2003) (en banc) ("[m]aintaining a monopoly is not the type of valid business reason that will excuse exclusionary conduct").  The facts repudiate any claim that Hillman's "conduct is indeed a form of competition on the merits because it involves, for example, greater

4

(5:10 CV 992)

> efficiency or enhanced consumer appeal." *United States v. Microsoft Corp.*, 253 F.3d 34, 59 (D.C. Cir. 2001) (en banc). It is, instead, exactly the type of exclusionary conduct prohibited by Section 2, and it is aimed at a new entrant with limited financial resources (¶¶ 34-35) by a firm boasting in its SEC filings that, as a national supplier of products to Big Box retailers, it has "develop[ed] a *strong market position and high barriers to entry*" (¶ 19 (emphasis added)).

Hy-Ko elaborates, as indicated in its complaint, the allegation that the Hillman Group blocked any further expansion of Hy-Ko in Wal-Mart stores, it excluded Hy-Ko altogether from Orchard Supply Hardware and it successfully choked off revenue from the sale of letter, numbers and signed ( "LNS") essential to Hy-Ko's achievement of efficiencies and economies of scale for effective competition as alleged in Counts I and II. Hy-Ko contends that its complaint successfully alleges the factual proposition that in combination of its key blank supplier, defendant Kaba Ilco Corp., Hillman has engaged in other exclusionary conduct to block Hy-Ko's access to the replacement key market (Counts V, VI and VII).

Hy-Ko correctly points out at Section II of the Sherman Act does not bar a monopolist from competing, but it is violated "if a monopolist abuses its monopoly power and acts in an unreasonably exclusionary manner, vis-a-vis, rivals or potential rivals." See *Byars v. Bluff City News Company*, 609 F.2d 843, 853 (6th Cir. 1980).

Hy-Ko contends that Hillman's conduct must be considered as a whole rather than individual acts in isolation. Against that background, it alleges that Hillman, in its motion to dismiss, focuses in individual events, transactions and occurrences and analyzes each in isolation. However, the decision in *Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962) teaches that plaintiffs "should be given the full benefit of their proof

5

(5:10 CV 992)

without tightly compartmentalizing the various factual components and wiping the slate clean after scrutiny of each."

### VI. The Court's Ruling

The Court recognizes that the Supreme Court has required that allegations of anti-trust behavior require close scrutiny so as to relieve alleged anti-trust defendants from the cost of extensive discovery and trial preparation. After an examination of the pleadings, the motions to dismiss, the transcript of the oral argument conducted on December 22, 2010 (Doc. 47) and the post argument briefs, the Court finds that the anti-trust complaint filed by the plaintiff sets forth sufficient facts to survive the motions to dismiss filed by the two defendants.

Accordingly, Kaba Ilco's motion to dismiss (Doc. 25), and Hillman Group's motion to dismiss (Doc. 26), are both DENIED. However, fact discovery is stayed until the Court completes the pending patent case involving the plaintiff and the defendant Hillman Group, Inc. The Court's goal is to complete the patent case in the year 2011.

IT IS SO ORDERED.

| March 4, 2011 | */s/ David D. Dowd, Jr.* |
|---|---|
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |